UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

TERRY GENE COLLINS-EL,

    Plaintiff,

v.                                                       Case No. 1:08-CV-571

PATTI HUDDLESTON et al.,                 HON. GORDON J. QUIST

    Defendants.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

The Court has before it Plaintiff's Objection to the report and recommendation dated July 28, 2008, in which Magistrate Judge Brenneman recommended that Plaintiff's complaint be dismissed because the Defendant Michigan Parole Board members are immune and Plaintiff fails to state a claim upon which relief may be granted against any of the named Defendants. The magistrate judge further recommended that the Court find no good-faith basis for appeal within the meaning of 28 U.S.C. § 1915(a)(3). After conducting a *de novo* review of the report and recommendation, the Court concludes that the report and recommendation should be adopted by the Court.

As noted above, the magistrate judge concluded that the Defendant parole board members are absolutely immune from damages for actions taken in their performance of their duties regarding the decision to grant or deny parole. Regarding the merits of Plaintiff's claims, the magistrate judge found that Plaintiff failed to make any factual allegations against Defendants Malone, Weathersby, and Hillman and that Plaintiff fails to state a due process claim because Plaintiff has no liberty interest under Michigan's parole system. He also concluded that Plaintiff fails to state an equal protection claim because the parole board's alleged conduct of denying parole to violent offenders is rationally related to protecting the victims of those crimes from physical violence.

The Court has reviewed Plaintiff's lengthy objection, but finds no basis to conclude that the magistrate judge erred in his recommendation that Plaintiff fails to state a claim. For purposes of the due process claim, the magistrate judge cited a wealth of case law from the Sixth Circuit holding that Michigan's parole system does not create a liberty interest in parole that may support a due process claim. Petitioner fails to cite any binding authority to the contrary. Plaintiff does cite the case of *Montana v. Egelhoff*, 518 U.W. 37, 116 S. Ct. 2013 (1996), but that case says nothing about Michigan's parole system and, therefore, does not help Plaintiff. Thus, the magistrate judge was correct that Petitioner fails to allege a due process claim.

Finally, because Plaintiff presents no argument concerning the magistrate judge's conclusion with regard to the equal protection claim, the Court finds no basis to reject the magistrate judge's conclusion with regard to that claim. Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued July 28, 2008 (docket no. 5) is **APPROVED AND ADOPTED** as the Opinion of this Court.

**IT IS FURTHER ORDERED** that Plaintiff's complaint is **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c), because the Defendant Michigan Parole Board members are immune and Plaintiff fails to state a claim upon which relief may be granted. Finally, this Court finds no good-faith basis for an appeal of this matter within the meaning of 28 U.S.C. § 1915(a)(3).

This dismissal counts as a strike for purposes of 28 U.S.C. § 1915(g).

This case is **concluded**.


Dated: September 12, 2008                          /s/ Gordon J. Quist
                                                      GORDON J. QUIST
                                               UNITED STATES DISTRICT JUDGE